**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Philip M. KLEINSMITH, Respondent.**

**No. 2013–SC–000262–KB.**

Supreme Court of Kentucky.

Sept. 26, 2013.

---

## *OPINION AND ORDER*

The Kentucky Bar Association (KBA) has petitioned this Court to impose reciprocal discipline against Philip M. Kleins-

mith[1] under Kentucky Supreme Court Rules (SCR) 3.435(4). In March 2012, the Arizona Supreme Court entered a Final Judgment and Order publicly reprimanding Kleinsmith and placing him on probation for one year, subject to early termination upon completion of, and payment for, "Ethics School," provided by the Office of Attorney Regulation Counsel of the Colorado Supreme Court. This sanction was the result of an agreement between Kleinsmith and the State Bar of Arizona in which Kleinsmith admitted to violating seven of the Arizona Rules of Professional Conduct.

## I. FACTUAL BACKGROUND.

The majority of the incidents of misconduct involve Kleinsmith's erroneous certification of cases for arbitration in Arizona. In that state, arbitration is available for cases in which less than $50,000 is in controversy. Between January 2010 and September 2010, Kleinsmith improperly certified nine cases for arbitration. Kleinsmith explained that his office had previously handled collection matters that were "almost always subject to mediation by amount." After becoming employed by Webster's Bank (the Bank), Kleinsmith did not direct his paralegal accordingly; and "she continued to elect mediation."

In addition to the instances of improper arbitration certification, Kleinsmith twice[2] filed complaints on behalf of the Bank, which were dismissed for lack of service. Kleinsmith did not attempt to move for an alternate form of service.

In a state of Florida matter, Kleinsmith included an incorrect address and property

---

1. Kleinsmith, whose KBA member number is 89101, was admitted to the practice of law in Kentucky in November 2001 and in Arizona in November 1989. His bar roster address is 6035 Erin Park Dr., Suite 203, Colorado Springs, CO 80918.

2. Once in January 2010 and once in June 2010.

description in a notice of sale and certificate of title. He also failed to name the condominium association as defendant. Kleinsmith indicated that he was in the process of correcting the errors when the Bank substituted new counsel.

In a state of Wisconsin matter, the Bank's case was dismissed with prejudice and costs after Kleinsmith failed to appear for two hearings. Kleinsmith explained that he failed to appear because the Bank "was negotiating a settlement." Kleinsmith was able to change the dismissal to one without prejudice, but he billed the Bank to file the corrective motion after his failures to appear. The court required the Bank to pay $651 to the defendant for the dismissal, which the Bank paid through its new substituted counsel.

In a state of Texas matter, Kleinsmith filed a motion to withdraw as counsel and simultaneously mailed a copy of the motion to the Bank. The Bank received no prior notification of the withdrawal. Kleinsmith believed this was sufficient notice because his understanding was that the motion could only be ruled upon if he set it for hearing.

## II. VIOLATIONS OF THE ARIZONA RULES OF PROFESSIONAL CONDUCT.

Kleinsmith agreed that his conduct violated Arizona Supreme Court Rule 42, specifically: Rules 1.1 (competence rule akin to SCR 3.130–1.1); 1.3 (diligence rule akin to SCR 3.130–1.3); 1.4 (communication rule akin to SCR 3.130–1.4); 1.5 (fees rule akin to SCR 3.130–1.5); 1.16 (terminating representation rule akin to SCR 3.130–1.16); 5.3 (responsibilities regarding non-lawyer assistants rule akin to SCR 3.130–5.3); and 8.4(d) (rule regarding conduct prejudicial to the administration of justice, which has no corollary in the SCR).

Kleinsmith and the State Bar of Arizona agreed to a sanction, which the Arizona Supreme Court imposed. The court publicly reprimanded Kleinsmith for his conduct in violation of the Arizona Rules of Professional Conduct. The court further ordered that Kleinsmith be placed on probation for one year, subject to early termination upon completion of, and payment for, "Ethics School," provided by the Office of Attorney Regulation Counsel of the Colorado Supreme Court.

In April of 2013, the KBA moved this Court to issue an order requiring Kleinsmith to show cause why reciprocal discipline should not be imposed under SCR 3.435. We issued the order on April 24, 2013. Kleinsmith failed to file a response, so the issue of what, if any, discipline to impose is now ripe for our review.

Under SCR 3.435(4), Kleinsmith is subject to identical discipline within this Commonwealth unless he "proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that [the] misconduct established warrants substantially different discipline in this State." We further note that under SCR 3.435(4)(c): "In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." The Arizona Supreme Court's order certainly qualifies as a final adjudication in another jurisdiction that Kleinsmith was guilty of misconduct.

Seeing no reason why Kleinsmith should not be subjected to identical discipline in this Commonwealth under SCR 3.435, the Court ORDERS:

1) The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. As of the date of this Order, the Respondent, Philip M.

Kleinsmith, is hereby reprimanded for his conduct in violation of the Arizona Rules of Professional Conduct; and

2) Kleinsmith is placed on probation for a period of one year, subject to early termination, upon completion of, and payment for, "Ethics School" provided by the Office of Attorney Regulation Counsel of the Colorado Supreme Court or an Ethics and Professionalism Enhancement Program (EPEP) offered by Kentucky's Office of Bar Counsel (OBC). Kleinsmith will not be allowed to apply for CLE credit of any kind for this program and must furnish a release and waiver to the OBC to allow the OBC to verify he has not reported any such hours to the CLE Commission; and

3) In accordance with SCR 3.450, Respondent is directed to pay any costs associated with these disciplinary proceedings against him, should there be any, and execution for such costs may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 26, 2013.

/s/ John D. Minton, Jr.

